## 24921.   HORNE v. PEAVY.

ARGUED NOVEMBER 13; 1968—DECIDED DECEMBER 5, 1968.

*Floyd H. Wardlow, Jr.,* for appellant.
*Roy B. Friedin, Davis &. Friedin,* for appellee.

ALMAND, Presiding Justice. This appeal is from an order dismissing the complaint of Marvin Horne who sought to enjoin Earl Peavy from violating the terms of a covenant relating to prohibiting defendant Peavy from entering into competition with

■

the plaintiff Horne for a specified period of time after defendant terminated his employment with Star Gas Co., Inc.

The complaint alleged that the defendant was employed by the Star Gas Co. in 1963 to sell and service liquefied gas products and appliances. Attached to the complaint is a copy of the alleged covenant signed by defendant which provides that in consideration of one dollar paid to defendant by the plaintiff, defendant would not for a period of five years from the termination of his employment with Star Gas Co. enter into business in competition with Star Gas Co. or with plaintiff in the City of Vienna or Dooly County or "that trade area." It was further alleged that defendant terminated his employment with Star Gas Co. on or about January 1, 1968, and that defendant accepted employment on June 2, 1968, with the City of Vienna as manager of its natural gas department thereby engaging in a business in competition with plaintiff and the Star Gas Co. in violation of his covenant.

The contract in this case is in general restraint of trade and is not binding or enforceable (*Code* § 20-504) unless it is ancillary to a lawful contract involving some interest of the employer which requires protection. An independent covenant in restraint of trade, with one not a party to the employment, even though supported by a consideration, is invalid. 36 AmJur 530, Monopolies, § 50; 17 CJS 1110, Contracts, § 241 (2).

The complaint in the instant case shows that defendant's contract of employment was with Star Gas Co., and not with the plaintiff. Whether the contract would be enforceable by Star Gas Co. is not before us for determination in that Star Gas Co. is not a party to this case. Insofar as the contract relates to the plaintiff, it is in general restraint of trade and is not enforceable.

The complaint was properly dismissed.

*Judgment affirmed. All the Justices concur.*